IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

BRIAN and LOU ANN SCHMITZ  (Chapter 11)

Debtors.  Case No. 09-15320

MEMORANDUM DECISION

On June 21, 2010, the parties appeared for a preliminary hearing on a motion to strike. I took the matter under advisement and indicated I intended to issue a brief decision. This is that decision.

Brian and Lou Ann Schmitz initially filed chapter 13 in February 2009. That case was converted to chapter 11, then dismissed on June 17, 2009. They then filed this chapter 13 case on August 8, 2009. The case was converted to chapter 11 in November 2009. After conversion, Deutsche Bank moved for relief from stay on January 27, 2010 as to real property in Lone Rock, Wisconsin. Deutsche Bank withdrew the motion on February 19, 2010, and no hearing was ever held on that motion.

However, Deutsche Bank moved for an order confirming that the automatic stay had expired by operation of law, since the Schmitzes were repeat filers. A preliminary hearing on that motion was held on March 15, 2010. At the hearing, I found that the automatic stay was no longer in place, and issued an order to that effect. The Schmitzes then appealed that decision to

1

the district court. Deutsche Bank now moves to strike from the appellate record certain docket items relating to its initial motion for relief. Deutsche Bank also objects to the Schmitzes designation of issues on appeal.

As this court has previously held, a bankruptcy court retains authority to decide issues relating to the record on appeal. See, In re Berge, 37 B.R. 705 (Bankr. W.D. Wis. 1983), ("differences between the parties as to the proper content of the record may be settled either by the trial or appellate court"), citing Fed. R. App. P. 10(e). Accordingly, this court may resolve the two pending motions to strike.

The first motion seeks to strike items from the record on appeal that Deutsche Bank contends are unrelated to the appeal. Federal Rule of Bankruptcy Procedure 8006 does not specifically authorize motions to strike by an appellee. Instead, Rule 8006 contemplates that each party may add to the record, and that the record will consist of each party's submissions:

> "Within 14 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 14 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal and, if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of the issues to be presented on the cross appeal and a designation of additional items to be included in the record. A cross appellee may, within 14 days of service of the cross appellant's statement, file and serve on the cross appellant a designation of additional items to be included in the record. The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court."

Although some courts have allowed motions to strike the record on appeal, this court has declined to construe Rule 8006 in that way. In re Berge, 37 B.R. at 708. Rule 8006 was, instead, intended to afford litigants "broad discretion" in designating the record on appeal. Id. In Berge, the court struck a middle ground, grouping the disputed pleadings into a separate packet for

2

transmission to the district court. Consistent with Berge, the five disputed pleadings named by appellant will be transmitted to the district court in a separate packet.

The second motion seeks to strike statements of the issues on appeal. Again, Rule 8006 does not explicitly provide for such relief. Instead, it contemplates that the appellant may file a statement of issues, and that the appellee may do so *if he has filed a cross-appeal*. Deutsche Bank has not filed a cross-appeal. Further, it has not pointed to caselaw supporting its ability to edit the statement of issues in the absence of a cross-appeal, and I find none. Indeed, the one decision that seems to have confronted the issue determined that a motion a strike the statement of issues was improper where no cross-appeal was filed. In re Vencor, Inc., 98 Fed. App'x 93 (3d Cir. 2004). In the absence of any support in Rule 8006 or in the caselaw, I decline to allow Deutsche Bank to strike the statement of issues on appeal. An order shall be entered consistent with this decision.

Dated: June 24, 2010

*[signature]*

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

BRIAN and LOU ANN SCHMITZ  (Chapter 11)

Debtors.  Case No. 09-15320

ORDER

The Court having reached the conclusions of law contained in the memorandum decision filed this date, it is hereby ORDERED that the motion to strike the record on appeal is DENIED. The five disputed pleadings will be transmitted to the district court in a separate packet. It is also hereby ordered that the motion to strike the statement of issues on appeal is DENIED.

Dated: June 24, 2010

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE